UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITEDHEALTHCARE
INSURANCE COMPANY,

    Plaintiff,

v.                                                                                  Case No.

DONNA PATE, JAMES R. PATE and
TIMOTHY E. DAWSON,

    Defendants.
_____/

## COMPLAINT IN INTERPLEADER

Plaintiff, UnitedHealthcare Insurance Company ("United"), by and through its undersigned counsel and pursuant to 29 U.S.C. § 1132(a)(3) and Federal Rule of Civil Procedure 22, brings this interpleader action against Defendants, Donna Pate, James R. Pate and Timothy E. Dawson, and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. United is a corporation organized and existing under the laws of the State of Connecticut, maintaining its principal office and headquarters in Hartford, Connecticut.

2. United insures a group life insurance plan sponsored and maintained by employer NWF Contractors (the "Plan"). The Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"). The Plan is evidenced by the Certificate of Coverage Group Number G/GA6X4008IM attached hereto as Exhibit "A."

3. By virtue of his employment with NWF Contractors, James Douglas Pate participated in the NWF Contractors life insurance plan.

4. James Douglas Pate died of lung cancer on March 20, 2018 in Milton, Florida. To the best of United's information and belief, James Douglas Pate did not have surviving children or a surviving spouse.

5. Defendant Donna Pate is a citizen of Florida and resides in Milton, Florida. Donna Pate is the sister of the decedent James Douglas Pate.

6. Defendant James R. Pate is a citizen of Florida and resides in Pace, Florida. James R. Pate is the nephew of the decedent James Douglas Pate.

7. Defendant Timothy E. Dawson is a citizen of Florida and resides in Milton, Florida. Timothy E. Dawson is the co-owner of NWF Contractors and former supervisor of James Douglas Pate while he worked as a foreman for NWF Contractors. To the best of United's information and belief, Timothy E. Dawson and James Douglas Pate were childhood friends who worked together on-and-off for many years.

8. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(a)(3) and Federal Rule of Civil Procedure 22.

9. Untied has the discretionary authority and the functional role of determining whether benefits are payable under the terms of the Plan. In this interpleader action, United asks this Court to determine the rightful beneficiary of ERISA plan benefits in the face of competing claims, and therefore seeks equitable relief.

10. Federal Rule of Civil Procedure 22 provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."

11. Pursuant to 29 U.S.C. § 1132(e)(1), the District Courts of the United States have exclusive jurisdiction of civil actions brought under ERISA. 29 U.S.C. § 1132(e)(1).

12.    Venue is appropriate in this Court because it is the judicial district in which all Defendants reside.  28 U.S.C. § 1391; 29 U.S.C. § 1132(e)(2).

## BACKGROUND

13.    NWF Contractors established an employee welfare benefit plan through its purchase of group life insurance from United under effective date September 1, 2017.  The group life insurance coverage offered through United remains in full force and effect.

14.    Prior to the life insurance coverage furnished through United, NWF Contractors furnished life insurance to its employees through Florida Combined Life Insurance Company, Inc., ("FCL").

15.    At the time of his death on March 20, 2018, James Douglas Pate had life insurance benefits available under the NWF Contractors Plan in the amount of Fifteen Thousand Dollars (the "Death Benefit").

16.    Soon after the death of James Douglas Pate, his sister Donna Pate submitted a Request for Group Life Insurance Benefits to United.  A copy of Donna Pate's March 28, 2018 request for payment of the Death Benefit is attached hereto as Exhibit "B."

17.    In support of her claim, Donna Pate presented a United Beneficiary Form completed by James Douglas Pate.  By virtue of this Beneficiary Form, the decedent named Donna Pate as the sole beneficiary of the Death Benefit.  According to Donna Pate, (i) this is the only Beneficiary Form that controls the disposition of the Death Benefit and (ii) any earlier designation is ineffective under the terms of the Plan in effect at the time of the decedent's death. A copy of the March 1, 2018 Beneficiary Form designating Donna Pate as beneficiary is attached hereto as Exhibit "C."

18. Following the death of James Douglas Pate, his former colleague Timothy E. Dawson submitted a Request for Group Life Insurance Benefits to United. A copy of Timothy E. Dawson's March 27, 2018 request for payment of the Death Benefit is attached hereto as Exhibit "D."

19. Timothy E. Dawson rests his claim on a beneficiary designation form completed by the decedent on June 16, 2017, when the Plan was insured by the predecessor carrier FCL. According to Timothy E. Dawson, he is the irrevocable beneficiary of the decedent's life insurance benefits under the NWF Contractors Plan. Timothy E. Dawson contends James Douglas Pate forfeited his right to change beneficiaries once the decedent executed the FCL beneficiary designation form in favor of Timothy E. Dawson. This FCL beneficiary designation form dated June 16, 2017 is attached hereto as Exhibit "E."

20. In addition to the two competing claims of Donna Pate and Timothy E. Dawson, United has become aware of a third beneficiary designation completed by the decedent on December 26, 2016 which names nephew James R. Pate as sole beneficiary. The FCL beneficiary designation form dated December 26, 2016 is attached hereto as Exhibit "F."

21. In view of the competing claims with respect to the Death Benefit, United is unable to issue payment of the contested life insurance proceeds. United has attempted to determine if the claimants can resolve this controversy through an agreement that would render moot the need for this proceeding. However, no agreement has been reached. Since the rightful beneficiary of the Death Benefit remains contested, interpleader gives the competing claimants the opportunity to litigate between themselves the ownership of the disputed fund in this single proceeding.

## **COUNT I – INTERPLEADER**

22. United reincorporates the allegations contained in paragraphs 1 through 21 above as if set forth herein.

23. Pursuant to the Plan, benefits are payable to the named beneficiary at the time of the decedent's death.

24. Based on the Defendants' adverse claims, United cannot determine who is entitled to decedent's Death Benefit.

25. United may be subject to multiple lawsuits and may be exposed to double or even triple liability unless this Court requires Defendants to assert in this action any claims they have or may wish to assert to the Death Benefit.

26. By way of this interpleader, United seeks certainty regarding Defendants' respective rights to the decedent's Death Benefit.

27. There is presently an actual, justiciable controversy as to the proper beneficiaries of decedent's Death Benefit.

28. These adverse interests have placed United in the position of making a benefit determination only to face a subsequent legal action commenced by disappointed claimants. United is a mere disinterested stakeholder to this action because it does not assert any interest in decedent's Death Benefit and has no interest in the controversy between the Defendants.

29. United has retained the undersigned attorneys to represent it in this action and is obligated to pay the firm a reasonable fee for its services.

30. United did nothing to cause the conflicting claims or give rise to the peril of double or triple vexation.

31. Since United is an innocent stakeholder exposed to multiple liability, and since United is free from any fault, the proper procedural device to adjudicate the parties' respective rights and obligations is this action in interpleader.

WHEREFORE, UnitedHealthcare Insurance Company respectfully requests that this Court take jurisdiction over this matter and issue an order or orders:

(1) discharging United from any liability in connection with the Plan, with the exception of the requirement that it surrender and deposit the interpleader stake into the Court registry to be disbursed in accordance with further order of this Court;

(2) ordering each of the Defendants to interplead and resolve amongst themselves and/or in accordance with further order of this Court, their respective rights and claims to the Death Benefit;

(3) ordering that in the event it is determined that any other person not yet joined as a party to this action may make a claim for, or be entitled to, the Death Benefit under the Plan, they be joined and subject to the relief requested herein;

(4) awarding United its reasonable attorney's fees and costs incurred in this interpleader action; and

(5) awarding any other and further relief that this Court deems just and proper.

Respectfully submitted this 31st day of August, 2018.

                         s/ Daniel Alter
                         DANIEL ALTER
                         Florida Bar No. 0033510
                         dan.alter@gray-robinson.com
                         GRAY ROBINSON, P.A.
                         401 East Las Olas Boulevard, Suite 1000
                         Fort Lauderdale, Florida  33301
                         Telephone:  (954) 761-8111
                         *Counsel for Interpleader Plaintiff*